■ DOROTHY MICHAELS, Appellant, v. JACK V. MICHAELS, Respondent.— In an action by a wife for a separation, the Official Referee, to whom the action had been referred to hear and determine, granted her a separation, awarded her the custody of the children of the marriage, but denied her application that provision be made for the support of herself and the children and that she be allowed a counsel fee. The wife appeals from so much of the judgment entered thereon as denied her application for support. Judgment modified on the law and the facts by striking therefrom the last decretal paragraph and by substituting therefor a provision that respondent pay to appellant $50 a week for her support and maintenance and that of the children. As so modified, judgment insofar as appealed from unanimously affirmed, with costs to appellant. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The evidence discloses that, at the time respondent abandoned appellant and the children, the parties had in their joint possession about $5,000 in United States Government bonds and a balance of at least $1,500 in a joint bank account. Appellant withdrew the money from the bank and deposited it in trust accounts for the children. She cashed the bonds, spent part of the proceeds for her own, and the children's, maintenance and retained a portion for necessary dental and surgical expenses.

We are unable to determine from the evidence the precise portion of the money, deposited in the joint account or invested in bonds, which had been contributed by appellant. It appears, however, that the accumulated assets were the result of the joint efforts of the parties. If it be assumed, however, that appellant had in her possession at the time of trial a portion of the joint assets which represented money earned by respondent and contributed to the joint funds, it was, nevertheless, error, under all the circumstances established by the record, to excuse respondent completely from his duty to continue, after his abandonment of his wife and children, to contribute to their support. We are unable to concur in the conclusions of the learned Official Referee that the bonds were purchased with money supplied exclusively by respondent or that he alone furnished the money which was deposited in the bank account, that appellant has spent some of the funds extravagantly, and that she has improperly used for her personal purposes a large portion of the money belonging to respondent, which she was not authorized to do. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.